

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAJI THOMAS, SUDHA THOMAS, INDIVIDUALLY, NEETHU SAJI, BY AND THROUGH P/N/G SUDHA THOMAS  Plaintiffs,  vs.  SEAWORLD PARKS & ENTERTAINMENT, LLC, d/b/a WATER COUNTRY USA, BUSCH ENTERTAINMENT, LLC d/b/a WATER COUNTRY USA AND SEA WORLD PARKS, INC. d/b/a WATER COUNTRY USA  Defendants, | CIVIL ACTION - LAW  JURY TRIAL DEMANDED  NO. **17** **2832** |

| | |
|---|---|
| SAJI THOMAS, SUDHA THOMAS, INDIVIDUALLY, NEETHU SAJI, BY AND THROUGH P/N/G SUDHA THOMAS  vs.  SEAWORLD PARKS & ENTERTAINMENT, LLC, d/b/a WATER COUNTRY USA, BUSCH ENTERTAINMENT, LLC d/b/a WATER COUNTRY USA AND SEA WORLD PARKS, INC. d/b/a WATER COUNTRY USA | COURT OF COMMON PLEAS PHILADELPHIA COUNTY  MAY TERM, 2017  **FILED**  **JUN 2 2 2017**  NO. 2981      KATE BARKMAN, Clerk       By_____Dep. Clerk |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

COMES NOW Defendants, SeaWorld Parks & Entertainment, LLC, d/b/a Water Country USA, Busch Entertainment, LLC d/b/a Water Country USA, and Sea World Parks, Inc. d/b/a Water Country USA, by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1441, and files this Notice of Removal of the above lawsuit, originally filed in the Court of

Common Pleas of Philadelphia County, State of Pennsylvania, and in support of their Notice of Removal, states as follows:

1.     This is a civil action over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

2.     On or about May 19, 2017, Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia County, State of Pennsylvania alleging claims for negligence.

3.     Plaintiffs' claims arise from an incident that occurred on or about July 12, 2015 which resulted in alleged personal injuries to the plaintiffs while they were riding a water slide at Water Country USA in Williamsburg, Virginia. A copy of the court file for Philadelphia CCP May Term 2017, No. 2981 is attached hereto and incorporated by reference as Exhibit A.

4.     SeaWorld Parks & Entertainment LLC is the only properly named defendant in this case.  Busch Entertainment, LLC and Sea World Parks, Inc. were fraudulently or mistakenly joined in this action.

5.     SeaWorld Parks & Entertainment LLC is a Delaware limited liability company. Its principal place of business and corporate headquarters, where its officers direct, control, and coordinate its activities, are located in Orlando, Florida.   See Declaration of Paul Powers, attached hereto as Exhibit B.

6.     SeaWorld Parks & Entertainment LLC is qualified to do business in Virginia, and does business in Virginia under the fictitious name "SeaWorld Parks LLC".  See Declaration of Paul Powers at Exhibit B;  see also Certificate of Fact attached as Exhibit C (issued by the Virginia State Corporation Commission).

7.     The sole member of SeaWorld Parks & Entertainment LLC, doing business in Virginia under the fictitious name "SeaWorld Parks LLC", is SeaWorld Parks & Entertainment, Inc.  See Declaration of Paul Powers at Exhibit B.

8.     SeaWorld Parks & Entertainment, Inc. is incorporated under the laws of Delaware with its corporate headquarters and principal place of business in Orlando, Florida.   See Declaration of Paul Powers at Exhibit B.

9.     SeaWorld Parks & Entertainment, Inc. does not, and did not at the time of the incident alleged in the Complaint, have either its headquarters or principal place of business in Pennsylvania.

10.     Busch Entertainment Corporation became Busch Entertainment LLC pursuant to a conversion from a corporation to a limited liability company on November 19, 2009.  See Declaration of Paul Powers at Exhibit B;  see also Certificate of Conversion of a Corporation to a Limited Liability Company attached as Exhibit D, and Certificate of Formation of Busch Entertainment LLC attached as Exhibit E.

11.     Busch Entertainment LLC changed its name to SeaWorld Parks & Entertainment LLC pursuant to an Amendment to its Certificate of Formation on December 2, 2009.  See Declaration of Paul Powers at Exhibit B;  see also Certificate of Amendment to Certificate of Formation attached as Exhibit F.

12.     SeaWorld Parks & Entertainment LLC is the same entity as Busch Entertainment Corporation despite this conversion to a different form of organization and name change amendment.  The conversion process was effectuated pursuant to the laws of the State of Delaware, including without limitation, Section 18-214 of the Delaware Limited Liability Company Act. See Declaration of Paul Powers at Exhibit B.  Accordingly, Busch Entertainment Corporation is an improper party.

13.    Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by defendant or the defendants[.]" 28 U.S.C. § 1441(a).

14.    Under 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332.

15.    Since Plaintiffs live in Pennsylvania, and SeaWorld Parks & Entertainment LLC has a principal place of business in Florida, and is incorporated in Delaware, under 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction over this matter, and thus, this civil action should be removed to this Court pursuant to 28 U.S.C § 1441(a).

16.    Because SeaWorld Parks & Entertainment LLC is the only properly named defendant in this matter, there are no other defendants that must consent to this removal.

17.    SeaWorld Parks & Entertainment, LLC d/b/a Water Country USA, Busch Entertainment, LLC d/b/a Water Country USA and Sea World Parks, Inc. d/b/a Water Country USA were served with a copy of Plaintiffs' Complaint on June 12, 2017. Therefore, this Notice of Removal has been timely filed within thirty (30) days after service pursuant to 28 U.S.C. § 1446.

18.    SeaWorld Parks & Entertainment, LLC d/b/a Water Country USA, Busch Entertainment, LLC d/b/a Water Country USA and Sea World Parks, Inc. d/b/a Water Country USA, simultaneously, with filing of this Notice of Removal, have given written notice of their filing of this Notice of Removal to Plaintiffs, and will file a copy of the Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County Pennsylvania.

WHEREFORE, SeaWorld Parks & Entertainment, LLC d/b/a Water Country USA, Busch Entertainment, LLC d/b/a Water Country USA and Sea World Parks, Inc. d/b/a Water Country USA, Inc., hereby request that the above mentioned state court action be removed from Court of Common Pleas of Philadelphia, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

_____
LAURIANNE FALCONE
Identification No. 85764
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: 215-575-2715
Fax: 215-575-0856
lafalcone@mdwcg.com
*Attorney for Defendants*

Dated: June 22, 2017

COMMONWEALTH OF PENNSYLVANIA      :
                                                                         SS
COUNTY OF PENNSYLVANIA                  :

### AFFIDAVIT

Laurianne Falcone, Esquire, being duly sworn according to law deposes and says that the facts set forth in the foregoing Notice of Removal are true and correct to the best of her knowledge, information and belief.

_____
LAURIANNE FALCONE

Sworn to and Subscribed
Before me this _____ day
of _____, 2017

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Audrey M. Gaffney, Notary Public
City of Philadelphia, Philadelphia County
My commission expires July 01, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Notice of Removal was served on all counsel by the Court's electronic filing system, this 22nd day of June, 2017.

Russell Krause, Esquire
Pasquarella, Kunnel & Pomo
121 South Broad Street, 18th Floor
Philadelphia, PA  19107
215-665-1900
rkrause@phillyautolaw.com
*Attorney for Plaintiffs*

**FILED**

JUN 2 2 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

LEGAL/111053943.v1

_____
LAURIANNE FALCONE

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

MAY 2017

002981

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>SAJI THOMAS | **DEFENDANT'S NAME**<br>SEA WORLD PARKS & ENTERTAINMENT, LLC, ALIAS:<br>WATER COUNTRY USA |
| **PLAINTIFF'S ADDRESS**<br>207 SUMMERWIND LANE<br>HARLEYSVILLE PA 19438 | **DEFENDANT'S ADDRESS**<br>100 SESAME ROAD<br>LANGHORNE PA 19047 |
| **PLAINTIFF'S NAME**<br>SUDHA THOMAS | **DEFENDANT'S NAME**<br>BUSCH ENTERTAINMENT, LLC, ALIAS: WATER COUNTRY<br>USA |
| **PLAINTIFF'S ADDRESS**<br>207 SUMMERWIND LANE<br>HARLEYSVILLE PA 19438 | **DEFENDANT'S ADDRESS**<br>100 SESAME ROAD<br>LANGHORNE PA 19047 |
| **PLAINTIFF'S NAME**<br>NEETHU SAJI, A MINOR THROUGH P/N/G SUDHA THOMAS | **DEFENDANT'S NAME**<br>SEA WORLD PARKS, INC., ALIAS: WATER COUNTRY USA |
| **PLAINTIFF'S ADDRESS**<br>207 SUMMERWIND LANE<br>HARLEYSVILLE PA 19438 | **DEFENDANT'S ADDRESS**<br>100 SESAME ROAD<br>LANGHORNE PA 19047 |

| TOTAL NUMBER OF PLAINTIFFS<br>3 | TOTAL NUMBER OF DEFENDANTS<br>3 | COMMENCEMENT OF ACTION |
|---|---|---|
| | | ☒ Complaint        ☐ Petition Action        ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

**FILED**
**PRO PROTHY**

MAY 19 2017

K. EDWARDS

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SAJI THOMAS , SUDHA THOMAS , NEETHU
SAJI, A MINOR THROUGH P/N/G SUDHA T

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>RUSSELL KRAUSE | ADDRESS<br>121 S. BROAD STREET<br>18TH FLR. |
|---|---|
| PHONE NUMBER<br>(215) 665-1900 | FAX NUMBER<br>(215) 732-2072 | PHILADELPHIA PA 19107 |
| SUPREME COURT IDENTIFICATION NO.<br>307671 | E-MAIL ADDRESS<br>rkrause@phillyautolaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*RUSSELL KRAUSE* | DATE SUBMITTED<br>Friday, May 19, 2017, 09:55 am |

FINAL COPY (Approved by the Prothonotary Clerk)

PASQUARELLA, KUNNEL & POMO
BY: RUSSELL KRAUSE, ESQUIRE
BY: JOSEPH M. KUNNEL, ESQUIRE
ATTORNEY ID: 307671
ATTORNEY ID: 69949
121 SOUTH BROAD STREET, 18th FL
PHILADELPHIA, PA 19107
(215) 665-1900

THIS IS A MAJOR NON-JURY
MATTER



Attorneys for Plaintiffs

---

| | |
|---|---|
| SAJI THOMAS<br>207 Summerwind Lane<br>Harleysville, PA 19438<br>   -and-<br>SUDHA THOMAS, Individually<br>207 Summerwind Lane<br>Harleysville, PA 19438<br>   -and-<br>NEETHU SAJI, by and through p/n/g<br>SUDHA THOMAS<br>207 Summerwind Lane<br>Harleysville, PA 19438 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|         Plaintiffs, | :<br>:<br>: |
| v. | :<br>: |
| SEA WORLD PARKS &<br>ENTERTAINMENT, LLC d/b/a<br>WATER COUNTRY USA<br>100 Sesame Road<br>Langhorne, PA 19047<br>   -and-<br>BUSCH ENTERTAINMENT, LLC  d/b/a<br>WATER COUNTRY USA<br>100 Sesame Road<br>Langhorne, PA 19047<br>   -and-<br>SEA WORLD PARKS, INC.  d/b/a<br>WATER COUNTRY USA<br>100 Sesame Road<br>Langhorne, PA 19047 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|         Defendants. | :<br>: |

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

MAY TERM, 2017

NO:

## CIVIL ACTION COMPLAINT
## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL SERVICE
1101 Market Street
Philadelphia, PA 19107-2911
215-238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las pa'ginas siguientes, usted tiene veinte (20) dias de plaza al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomora medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
LAW REFERRAL SERVICE
1101 Market Street
Philadelphia, PA 19107-2911
215-238-6300

Case ID: 170502981

**PASQUARELLA, KUNNEL & POMO**
BY: RUSSELL KRAUSE, ESQUIRE
BY: JOSEPH M. KUNNEL, ESQUIRE
ATTORNEY ID: 307671
ATTORNEY ID: 69949
121 SOUTH BROAD STREET, 18ᵗʰ FL
PHILADELPHIA, PA 19107
(215) 665-1900

**THIS IS A MAJOR NON-JURY MATTER**

Attorneys for Plaintiffs

| | |
|---|---|
| SAJI THOMAS | : |
| 207 Summerwind Lane | : |
| Harleysville, PA 19438 | : |
| -and- | : |
| SUDHA THOMAS, Individually | : |
| 207 Summerwind Lane | : |
| Harleysville, PA 19438 | : |
| -and- | : |
| NEETHU SAJI, by and through p/n/g | : |
| SUDHA THOMAS | : |
| 207 Summerwind Lane | : |
| Harleysville, PA 19438 | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| SEA WORLD PARKS & | : |
| ENTERTAINMENT, LLC d/b/a | : |
| WATER COUNTRY USA | : |
| 100 Sesame Road | : |
| Langhorne, PA 19047 | : |
| -and- | : |
| BUSCH ENTERTAINMENT, LLC   d/b/a | : |
| WATER COUNTRY USA | : |
| 100 Sesame Road | : |
| Langhorne, PA 19047 | : |
| -and- | : |
| SEA WORLD PARKS, INC.  d/b/a | : |
| WATER COUNTRY USA | : |
| 100 Sesame Road | : |
| Langhorne, PA 19047 | : |
| | : |
| Defendants. | : |

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

MAY TERM, 2017

NO:

Case ID: 170502981

## COMPLAINT
## GENERAL AVERMENTS

1. Plaintiff, Saji Thomas, is an adult individual residing at the above-captioned address.

2. Plaintiff, Sudha Thomas, individually, is an adult individual residing at the above-captioned address.

3. Plaintiff, Neethu Saji, is a minor individual residing at the above-captioned address, and bringing this legal action through p/n/g Sudha Thomas.

4. Defendant, Sea World Parks & Entertainment, LLC, d/b/a Water Country USA (hereinafter "Sea World Parks & Entertainment"), is a corporation which regularly conducts business within the City and County of Philadelphia, with an office for service at the above-captioned address.

5. Defendant, Busch Entertainment, LLC d/b/a Water Country USA, (hereinafter "Busch"), is a corporation which regularly conducts business within the City and County of Philadelphia, with an office for service at the above-captioned address.

6. Defendant, Sea World Parks, Inc., d/b/a Water Country USA, (hereinafter "Sea World Parks"), is a corporation which regularly conducts business within the City and County of Philadelphia, with an office for service at the above-captioned address.

7. At all times relevant to this Complaint, Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., acted, or failed to act, by and through its agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with Defendants, Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., in furtherance of Defendants' business and

Case ID: 170502981

on behalf of Defendants, Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc..

8.    On or about July 12, 2015, Plaintiffs, Saji Thomas, Sudha Thomas, and Neethu Saji, were lawful business invitees at the Defendants' park located at or near 176 Water Country Parkway, Williamsburg, VA 23185, commonly known, and hereinafter referred to, as "Water Country USA."

9.    On July 12, 2015, Defendant Sea World Parks & Entertainment did own, manage, and/or operate Water Country USA.

10.    On July 12, 2015, Defendant Sea World Parks & Entertainment was responsible for the upkeep, maintenance, condition, and operation of Water Country USA and its equipment, including patron safety while at the park, partaking in the rides, and/or utilizing any provided equipment.

11.    On July 12, 2015, Defendant Busch did own, manage, and/or operate Water Country USA.

12.    On July 12, 2015, Defendant Busch was responsible for the upkeep, maintenance, condition, and operation of Water Country USA and its equipment, including patron safety while at the park, partaking in the rides, and/or utilizing any provided equipment.

13.    On July 12, 2015, Defendant Sea World Parks did own, manage, and/or operate Water Country USA.

14.    On July 12, 2015, Defendant Sea World Parks was responsible for the upkeep, maintenance, condition, and operation of Water Country USA and its equipment, including responsibility for the safety of patrons while at the park, partaking in the rides, and/or utilizing any provided equipment.

Case ID: 170502981

15. On or about July 12, 2015, Defendants, Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, carelessly and/or negligently allowed a dangerous and defective condition, specifically a defective and/or improperly maintained and/or utilized tube or other inflatable device, in conjunction with a dangerous and defective condition of the landing zone of the ride, to be used on a water slide on Defendants' property located at the aforementioned address, without notice or warning to Plaintiffs.

16. On or about July 12, 2015, Plaintiffs, collectively, were caused to suffer severe injuries when, during their trip down Defendants' water slide, the aforementioned dangerous and defective inflatable failed during its use on Defendant's premises located at the aforementioned address.

17. The aforesaid accident was due solely to the negligence and/or carelessness of the Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

## COUNT I - NEGLIGENCE
## SAJI THOMAS v. ALL DEFENDANTS

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17, inclusive, as though they were fully set forth at length herein.

19. The negligence and/or carelessness of the Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, acting aforesaid, consisted of the following:

      a)    Allowing a dangerous and defective condition to exist at the aforesaid location, of which Defendant knew or should have known;

Case ID: 170502981

b)    Failing to correct and/or resolve said dangerous condition of which Defendant knew or should have known;

c)    Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its customers;

d)    Failing to inspect, monitor and/or maintain the premises/equipment so as to avoid a dangerous condition occurring;

e)    Failing to properly instruct Plaintiffs on the proper use of the equipment;

f)    Failing to warn persons on the premises, via signage or otherwise, of the existence of said dangerous and defective condition of which Defendant knew or should have known;

g)    Failing to inspect said premises/equipment at reasonable intervals in order to determine the condition thereof; and

h)    Failing to properly administer the ride/slide by taking all precautions to ensure a safe experience for all users;

i)    Failing to provide a safe unloading area, which would bring the Plaintiffs to a safe stop;

j)    Failing to provide equipment/carrier which was in a safe condition; and

k)    Failing to provide equipment/carrier which would allow Plaintiffs to come to a safe stop.

20.    Said dangerous and defective conditions, equipment, and/or carrier created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff Saji Thomas.

21.    As a direct result of the accident, Plaintiff Saji Thomas has suffered injuries which are or may be serious and permanent in nature, including but not limited to severe shock, strain, and injury to Plaintiff's bones, muscles, tendons, ligaments, teeth, and other components of the musculoskeletal system, as well as any other injuries which may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future,

Case ID: 170502981

caused Plaintiff great pain and suffering.

22. As a further result of this accident, Plaintiff Saji Thomas has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time into the future.

23. As a further result of this accident, Plaintiff Saji Thomas has suffered medically determinable physical and/or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

24. As a direct and reasonably foreseeable result of the accident, Plaintiff Saji Thomas has incurred, or may hereafter incur, other financial expenses, individually and as p/n/g of Plaintiff, Neethu Saji, which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

25. As a further result of the accident, Plaintiff Saji Thomas has been caused to suffer loss of wages, and loss of earning capacity and will or may continue to suffer same for the indefinite future.

26. As a further result of the accident, Plaintiff Saji Thomas has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff Saji Thomas demands judgment against Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, for a sum in excess of Pennsylvania arbitration limits, plus interest and costs.

Case ID: 170502981

## COUNT II - NEGLIGENCE
## SUDHA THOMAS v. ALL DEFENDANTS

27.    Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though they were fully set forth at length herein.

28.    The negligence and/or carelessness of the Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, acting aforesaid, consisted of the following:

a)    Allowing a dangerous and defective condition to exist at the aforesaid location, of which Defendant knew or should have known;

b)    Failing to correct and/or resolve said dangerous condition of which Defendant knew or should have known;

c)    Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its customers;

d)    Failing to inspect, monitor and/or maintain the premises/equipment so as to avoid a dangerous condition occurring;

e)    Failing to properly instruct Plaintiffs on the proper use of the equipment;

f)    Failing to warn persons on the premises, via signage or otherwise, of the existence of said dangerous and defective condition of which Defendant knew or should have known;

g)    Failing to inspect said premises/equipment at reasonable intervals in order to determine the condition thereof; and

h)    Failing to properly administer the ride/slide by taking all precautions to ensure a safe experience for all users;

i)    Failing to provide a safe unloading area, which would bring the Plaintiffs to a safe stop;

j)    Failing to provide equipment/carrier which was in a safe condition; and

k)    Failing to provide equipment/carrier which would allow Plaintiffs to come to a safe stop.

Case ID: 170502981

29. Said dangerous and defective conditions, equipment, and/or carrier created a reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff Sudha Thomas.

30. As a direct result of the accident, Plaintiff Sudha Thomas has suffered injuries which are or may be serious and permanent in nature, including but not limited to severe shock, strain, and injury to Plaintiff's bones, muscles, tendons, ligaments, teeth, and other components of the musculoskeletal system, as well as any other injuries which may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, caused Plaintiff great pain and suffering.

31. As a further result of this accident, Plaintiff Sudha Thomas has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time into the future.

32. As a further result of this accident, Plaintiff Sudha Thomas has suffered medically determinable physical and/or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

33. As a direct and reasonably foreseeable result of the accident, Plaintiff Sudha Thomas has incurred, or may hereafter incur, other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

34. As a further result of the accident, Plaintiff Sudha Thomas has been caused to suffer loss of wages, and loss of earning capacity and will or may continue to suffer same for the indefinite future.

Case ID: 170502981

35.     As a further result of the accident, Plaintiff Sudha Thomas has suffered severe

physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite

time into the future.

WHEREFORE, Plaintiff Sudha Thomas demands judgment against Defendants, Sea

World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, for

a sum in excess of Pennsylvania arbitration limits, plus interest and costs.

## COUNT III - NEGLIGENCE
## NEETHU SAJI v. ALL DEFENDANTS

36.     Plaintiff hereby incorporates by reference paragraphs 1 through 35, inclusive, as

though they were fully set forth at length herein.

37.     The negligence and/or carelessness of the Defendants, Sea World Parks &

Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, acting aforesaid,

consisted of the following:

a)     Allowing a dangerous and defective condition to exist at the aforesaid
location, of which Defendant knew or should have known;

b)     Failing to correct and/or resolve said dangerous condition of which
Defendant knew or should have known;

c)     Failing to keep and maintain the aforesaid premises in a reasonably safe
condition for use by its customers;

d)     Failing to inspect, monitor and/or maintain the premises/equipment so as
to avoid a dangerous condition occurring;

e)     Failing to properly instruct Plaintiffs on the proper use of the equipment;

f)     Failing to warn persons on the premises, via signage or otherwise, of the
existence of said dangerous and defective condition of which Defendant
knew or should have known;

g)     Failing to inspect said premises/equipment at reasonable intervals in order

Case ID: 170502981

to determine the condition thereof; and

h)   Failing to properly administer the ride/slide by taking all precautions to
     ensure a safe experience for all users;

i)   Failing to provide a safe unloading area, which would bring the Plaintiffs
     to a safe stop;

j)   Failing to provide equipment/carrier which was in a safe condition; and

k)   Failing to provide equipment/carrier which would allow Plaintiffs to come
     to a safe stop.

38.   Said dangerous and defective conditions, equipment, and/or carrier created a
reasonably foreseeable risk of the kind of injuries which were sustained by Plaintiff Sudha
Thomas.

39.   As a direct result of the accident, Plaintiff Neethu Saji has suffered injuries
which are or may be serious and permanent in nature, including but not limited to severe shock,
strain, and injury to Plaintiff's bones, muscles, tendons, ligaments, teeth, and other components
of the musculoskeletal system, as well as any other injuries which may be diagnosed by
Plaintiff's health care providers, all of which injuries have in the past, and may in the future,
caused Plaintiff great pain and suffering.

40.   As a further result of this accident, Plaintiff Neethu Saji has been or will be
required to receive and undergo medical attention and care and to expend various sums of
money and to incur various expenses and may be required to continue to expend such sums or
incur such expenditures for an indefinite time into the future.

41.   As a further result of this accident, Plaintiff Neethu Saji has suffered
medically determinable physical and/or mental impairment which prevents Plaintiff from
performing all or substantially all of the material acts and duties which constituted the Plaintiff's

Case ID: 170502981

usual and customary activities prior to the accident.

42. As a direct and reasonably foreseeable result of the accident, Plaintiff Neethu Saji has incurred, or may hereafter incur, other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

43. As a further result of the accident, Plaintiff Neethu Saji has been caused to suffer loss of wages, and loss of earning capacity and will or may continue to suffer same for the indefinite future.

44. As a further result of the accident, Plaintiff Neethu Saji has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time into the future.

WHEREFORE, Plaintiff Neethu Saji demands judgment against Defendants, Sea World Parks & Entertainment, Busch, and/or Sea World Parks, Inc., jointly and/or severally, for a sum in excess of Pennsylvania arbitration limits, plus interest and costs.

PASQUARELLA, KUNNEL & POMO

RUSSELL KRAUSE, ESQUIRE
Attorney for Plaintiffs,
Saji Thomas, Sudha Thomas, and Neethu Saji

## VERIFICATION

Russell Krause, Esquire, hereby states that he is the Attorney for Plaintiffs in the written action and the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of his knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S. 4904 relating to unsworn falsification to authorities.

_May 19, 2017_
DATE

RUSSELL KRAUSE, ESQUIRE

Case ID: 170502981

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANNIE L. CAVANAH,

        Plaintiff,

    v.                          Civil Action No.

SEAWORLD PARKS & ENTERTAINMENT LLC

and

SEAWORLD PARKS LLC

and

SEAWORLD PARKS & ENTERTAINMENT, INC.

and

BUSCH ENTERTAINMENT CORPORATION,

        Defendants.

---

### DECLARATION OF PAUL POWERS

    Paul B. Powers, for his Declaration, states as follows:

    1.    I am an Associate General Counsel for SeaWorld Parks & Entertainment LLC and SeaWorld Parks & Entertainment, Inc. and I have been in that position since October, 2010. I also currently serve as an Assistant Secretary for SeaWorld Parks & Entertainment LLC and SeaWorld Parks and Entertainment, Inc.

    2.    SeaWorld Parks & Entertainment LLC owns and operates Busch Gardens Williamsburg and did so at the time of Plaintiff's alleged injury. Therefore, SeaWorld Parks &

Entertainment LLC is the only entity that may be potentially liable for the claims asserted by Annie Cavanah in her Complaint.

    3.    SeaWorld Parks & Entertainment LLC is a Delaware limited liability company. Its principal place of business and corporate headquarters, where its officers direct, control and coordinate its activities, is located in Orlando, Florida.

    4.    SeaWorld Parks & Entertainment LLC is qualified to do business in Virginia with the State Corporation Commission as a foreign limited liability company with a registration number of SCC T0419871, and does business in Virginia under the fictitious name "SeaWorld Parks LLC". The Virginia State Corporation Commission would not allow SeaWorld Parks & Entertainment LLC to register under its full name because the name would be too similar to the name "SeaWorld Parks & Entertainment, Inc." and therefore the name "SeaWorld Parks LLC" was utilized as an assumed business name for SeaWorld Parks & Entertainment LLC commencing November 25, 2009. See *Certificate of Fact* attached as **Exhibit A** issued by the Virginia State Corporation Commission.

    5.    On or about November 19, 2009, Busch Entertainment Corporation became Busch Entertainment LLC pursuant to a conversion from a corporation to a limited liability company. See *Certificate of Conversion of a Corporation to a Limited Liability Company*, attached as **Exhibit B**. See also *Certificate of Formation of Busch Entertainment LLC*, attached as **Exhibit C**.

    6.    On or about December 2, 2009, Busch Entertainment LLC changed its name to SeaWorld Parks & Entertainment LLC pursuant to an Amendment to its Certificate of Formation. See *Certificate of Amendment to Certificate of Formation*, attached as **Exhibit D**.

7.    SeaWorld Parks & Entertainment LLC is the same entity as Busch Entertainment Corporation despite this conversion to a different form of organization and name change amendment.  The conversion process was effectuated pursuant to the laws of the State of Delaware, including without limitation, Section 18-214 of the Delaware Limited Liability Company Act.

8.    SeaWorld Parks & Entertainment LLC owns and operates Busch Gardens Williamsburg.  Presently, at the time of the incident alleged, and at all times relevant to the matter, SeaWorld Parks & Entertainment LLC has had its corporate headquarters and principal place of business located in Orlando, Florida, and not in Pennsylvania or Virginia.

9.    The sole member of SeaWorld Parks & Entertainment LLC is SeaWorld Parks & Entertainment, Inc.

10.    SeaWorld Parks & Entertainment, Inc. is incorporated under the laws of Delaware with its corporate headquarters and principal place of business in Orlando, Florida.

11.    SeaWorld Parks & Entertainment, Inc. does not, and did not at the time of the incident alleged in the Complaint, have either its headquarters or principal place of business in Pennsylvania or Virginia.

I declare that the foregoing is true and correct to the best of the my knowledge.

Executed this 20TH day of May, 2015.

SEAWORLD PARKS & ENTERTAINMENT LLC

By: _Paul B. Powers_

Paul B. Powers, Assistant Secretary

3

**EXHIBIT "C"**

# Commonwealth of Virginia



## State Corporation Commission

### *CERTIFICATE OF FACT*

## *I Certify the Following from the Records of the Commission:*

That SeaWorld Parks LLC (USED IN VA BY: SeaWorld Parks& Entertainment LLC), a limited liability company organized under the law of Delaware, obtained a certificate of registration to transact business in Virginia from the Commission on November 25, 2009; and

That it is registered to transact business in the Commonwealth of Virginia as of the date set forth below.

Nothing more is hereby certified.



*Signed and Sealed at Richmond on this Date:*

*March 19, 2014*

*Joel H. Peck*

*Joel H. Peck, Clerk of the Commission*

CISECOM
Document Control Number: 1403195589

EXHIBIT "D"

## ASSISTANT SECRETARY'S CERTIFICATE

I, Paul B. Powers, Assistant Secretary of SeaWorld Parks & Entertainment LLC, in my capacity as Assistant Secretary, and not in an individual capacity, certify and confirm the following in order to clarify the background of the corporate structure of SeaWorld Parks & Entertainment LLC. Certifications from the Delaware Secretary of State confirming the following are attached hereto and made a part hereof.

1.       Busch Entertainment Corporation changed its corporate status from a corporation to a limited liability company on November 19, 2009.   The *Certificate of Conversion of a Corporation to a Limited Liability Company*, filed with the Delaware Secretary of State, is attached hereto as <u>Exhibit A</u>.

2.       Busch Entertainment Corporation then became Busch Entertainment LLC on November 19, 2009.    The *Certificate of Formation of Busch Entertainment LLC*, filed with the Delaware Secretary of State, is attached hereto as <u>Exhibit B</u>.

3.       Busch Entertainment LLC changed its name to SeaWorld Parks & Entertainment LLC on December 2, 2009.  The *Certificate of Amendment to Certificate of Formation of Busch Entertainment LLC*, filed with the Delaware Secretary of State, is attached hereto as <u>Exhibit C</u>.

**IN WITNESS WHEREOF**, I have hereunto signed my name in my capacity as Assistant Secretary of SeaWorld Parks & Entertainment LLC.

Paul B. Powers, Assistant Secretary

## EXHIBIT A

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 10:03 AM 11/19/2009*
*FILED 10:03 AM 11/19/2009*
*SRV 091030814 - 0646526 FILE*

### CERTIFICATE OF CONVERSION OF A CORPORATION TO A LIMITED LIABILITY COMPANY

This Certificate of Conversion to a Limited Liability Company, dated as of November 19, 2009, has been duly executed and is being filed by Busch Entertainment Corporation, a Delaware corporation (the "Corporation"), and James D. Atchison, as an authorized person of Busch Entertainment LLC, a Delaware limited liability company, to convert the Corporation into a Delaware limited liability company pursuant to Section 18-214 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101 et. seq. (the "LLC Act"), and Section 266 of the Delaware General Corporation Law, 8 Del. C. § 101 et. seq. (the "DGCL").

1.      The name of the Corporation immediately prior to the filing of this Certificate of Conversion is "Busch Entertainment Corporation" and the name under which the Corporation was originally incorporated was "Lianco Container Corporation".

2.      The date of filing of the Corporation's original certificate of incorporation with the Secretary of State of the State of Delaware was September 6, 1966.

3.      The name of the Delaware limited liability company into which the Corporation shall be converted, as set forth in its certificate of formation, is "Busch Entertainment LLC".

4.      The conversion of the Corporation from a corporation to a Delaware limited liability company has been approved as required by Section 18-214(h) of the LLC Act and Section 266(b) of the DGCL.

5.      The conversion of the Corporation to a Delaware limited liability company is effective as of 12:30pm New York City time on November 19, 2009.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Conversion as of the date first stated above.

BUSCH ENTERTAINMENT
CORPORATION

By: _____
Name: James D. Atchison
Title: President

BUSCH ENTERTAINMENT
LLC

By: _____
Name: James D. Atchison
Title: Authorized Person

NYI2528:400313.3

# EXHIBIT "E"

## EXHIBIT B

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:03 AM 11/19/2009
FILED 10:03 AM 11/19/2009
SRV 091030814 - 0646526 FILE

CERTIFICATE OF FORMATION

OF

BUSCH ENTERTAINMENT LLC

This Certificate of Formation of Busch Entertainment LLC (the "Company"), dated as of November 19, 2009, is being duly executed and filed by the undersigned, as an authorized person, to form a limited liability company under the Delaware Limited Liability Company Act (6 *Del. C.* §18-101, *et seq.*).

FIRST. The name of the limited liability company formed hereby is Busch Entertainment LLC.

SECOND. The address of the registered office of the Company in the State of Delaware is c/o The Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801.

THIRD. The name and address of the registered agent for service of process on the Company in the State of Delaware are The Corporation Trust Company, 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801.

FOURTH. The effective time of the formation of the Company is 12:30pm New York City time on November 19, 2009.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

Name:  James D. Atchison
Title:  Authorized Person

NY12528:400308.1

**EXHIBIT "F"**

## EXHIBIT C

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 05:49 PM 12/02/2009*
*FILED 05:39 PM 12/02/2009*
*SRV 091063559 – 0646526 FILE*

CERTIFICATE OF AMENDMENT TO
CERTIFICATE OF FORMATION

OF

Busch Entertainment LLC

This Certificate of Amendment to the Certificate of Formation of Busch Entertainment LLC (the "LLC"), dated as of December 2, 2009, is being duly executed and filed by the undersigned, as an authorized person, pursuant to the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.).

FIRST. The name of the LLC is Busch Entertainment LLC.

SECOND. That the "FIRST" Article of the Certificate of Formation of the LLC is hereby amended to read as follows:

"FIRST. The name of the limited liability company formed hereby is SeaWorld Parks & Entertainment LLC."

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Amendment as of the date first above written.

Name: Howard Demsky
Authorized Person